## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CLINTON HILL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV-592-GKF-FHM |
| | ) |
| **TY KOCH, Sheriff;** | ) |
| **OTIS HUGHES, Captain;** | ) |
| **PAM SANDERS, Acting Nurse;** | ) |
| **DR. SIZEMORE; CHC MEDICAL,** | ) |
| | ) |
| Defendants. | ) |

### OPINION AND ORDER

On October 22, 2012, Plaintiff, a prisoner currently in custody at the Osage County Jail (OCJ), filed a pro se 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion to proceed in forma pauperis (Dkt. # 2). Plaintiff also provided three (3) summonses and three (3) USM-285 Marshal service forms. On November 14, 2012, he filed an amended motion to proceed in forma pauperis (Dkt. # 5). By Order filed November 16, 2012 (Dkt. # 8), the Court granted Plaintiff's amended motion and directed him to pay an initial partial filing fee. Plaintiff paid his initial partial filing fee on December 6, 2012. On December 10, 2012, Plaintiff filed an amended complaint (Dkt. # 11). For the reasons discussed below, the Court finds the amended complaint fails to state a claim as to Defendant Koch. For that reason, Defendant Koch shall be dismissed from this action without prejudice. In addition, before this action may proceed, Plaintiff shall be required to provide completed service forms for Defendants Dr. Sizemore and CHC Medical.

*PRELIMINARY CONSIDERATIONS*

**A. Service forms**

When Plaintiff filed his amended complaint, he identified a new defendant, CHC Medical. Plaintiff has not provided completed service forms for Defendant CHC Medical. Therefore, before this action may proceed, Plaintiff will be required to provide a completed summons and USM-285 Marshal service form for Defendant CHC Medical. In addition, when Plaintiff filed his original complaint, he enclosed summonses and USM-285 Marshal service forms for Defendants Koch, Hughes, and Sanders. Although he failed to send forms for Defendant Dr. Sizemore, Plaintiff did include a handwritten page regarding a summons for Defendant Dr. Sizemore. On that page, Plaintiff wrote that Dr. Sizemore "no longer works at jail, lives in Barnsdall, Okla. somewhere." Plaintiff is advised that it is his responsibility to provide complete names and accurate service addresses for each named defendant. Plaintiff is further advised that unless he provides completed service forms for and effects service of process on Defendant Dr. Sizemore within the time constraints imposed by Fed. R. Civ. P. 4(m) (providing that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time"), Defendant Dr. Sizemore will be dismissed from this action without prejudice.

**B. Plaintiff's obligation to keep Court apprised of current mailing address**

The Court also notes that on December 10, 2012, the Clerk of Court received a letter from Plaintiff requesting that his mail be sent to his mother, Sherry Brown, because he does not know how long he will remain in custody at the OCJ. See Dkt. # 12. Despite Plaintiff's request, the Court will continue to send mail directly to Plaintiff where he is presently in custody. Should Plaintiff be

released from custody or transferred to another facility, he will be obligated to keep the Court apprised of his current address by sending promptly a notice of change of address.

*ANALYSIS*

**A. Background**

In his amended complaint (Dkt. # 11), Plaintiff complains that, while in custody at the OCJ during a 3 ½ month period, from February 2011 to June 2011, he was deprived of medications and medical attention. Based on events occurring during that time period, he identifies two claims, as follows:

> Count I: I am a Gulf War era vetran [sic]. February 2011 -- refussed [sic] medictation [sic] (medications for injuries sustained while serving my country).
> I was arrested Feb. 2011 at my residence and the officer was given my medication also, I asked officer to get it for me! (see attached).
>
> Count II: Refused medical attention.
> See attached.

(Dkt. # 11). In support of those claims, Plaintiff attaches two (2) handwritten pages describing his efforts to obtain medications prescribed prior to his arrest from Defendants Saunders,[1] Sizemore, and Hughes. Id. Plaintiff also states that in June 2011, he bonded out "to go to rehab at the Bohnam [sic], Texas Vetrans [sic] Clinic for substance abuse." Id. While being treated for substance abuse, he learned he had advanced Hepatitis C. Id. Upon his return to the OCJ, he requested that he be provided medication for treating Hepatitis C, however his request has been denied. Id. Based on those facts, he identifies a third claim, as follows:

> Count III: (CHC Medical) Reffuse [sic] medical attention.

---

[1] In the caption and handwritten pages of the amended complaint, Plaintiff uses different spellings for this defendant's name. In the caption, it is spelled "Sanders." In the handwritten pages, it is spelled "Saunders."

> See attached # 2. Upon returning to OSCJ, I do now recieve [sic] my prescribed medication I didn't before.

Id. He attaches an additional handwritten page describing his efforts to obtain from the medical provider at OCJ, CHC Medical, an anti-viral medication used to treat Hepatitis C. Id. As his requested relief based on Counts I, II, and III, Plaintiff seeks "$10 million dollars." Id.

**B. Screening/dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). Under 28 U.S.C. § 1915(e), the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. §

1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**C. Amended complaint fails to state a claim against Defendant Koch**

**1. Individual capacity**

Personal participation is an essential element of a § 1983 claim. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976); see also Garrett v. Stratman, 254 F.3d 946, 950 n.4 (10th Cir. 2001) (noting that medical official must have "played a role in the challenged conduct" to be liable for an Eighth Amendment violation). As a result, government officials have no vicarious liability in a section § 1983 suit for the misconduct of their subordinates because "there is no concept of strict supervisor liability under section 1983." Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996)

5

(quotation omitted). Instead, a supervisor is liable only if he is "personally involved in the constitutional violation and a sufficient causal connection . . . exist[s] between the supervisor and the constitutional violation." Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006) (quotation omitted); see also Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988) (stating that to establish a § 1983 claim against a supervisor, the plaintiff must show that an "affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise" (quotations and alterations omitted)).

The Court finds that the amended complaint fails to state a claim as to Defendant Koch in his individual capacity. Plaintiff simply identifies Defendant Koch as the Sheriff of Osage County. None of the factual allegations concern Defendant Koch. Defendant Koch may not be held liable based on the theory of respondeat superior. Simply alleging that Defendant Koch should be liable because he is sheriff is inadequate to state a claim. Defendant Koch cannot be liable simply because he oversees or supervises the jail. In the absence of any factual allegation suggesting personal participation or an affirmative link to the constitutional deprivation at issue, the amended complaint fails to state a claim against Defendant Koch. Therefore, upon consideration of the amended complaint in its entirety and accepting all factual allegations contained therein as true, the Court finds the amended complaint fails to state a claim against Defendant Koch in his individual capacity.

### 2. Official capacity

To the extent Plaintiff sues Defendant Koch in his official capacity as Sheriff of Osage County, the amended complaint fails to state a claim upon which relief may be granted. Claims against a government officer in his official capacity are actually claims against the government entity for which the officer works. Kentucky v. Graham, 473 U.S. 159, 167 (1985). Thus, any claim

against Defendant Koch in his official capacity is tantamount to an action against Osage County itself. See Lopez v. LeMaster, 172 F.3d 756, 762 (10th Cir. 1999). Under § 1983, a municipality may not be held liable on a theory of respondeat superior. Seamons v. Snow, 206 F.3d 1021, 1029 (10th Cir. 2000) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Instead, the plaintiff must show "that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." Camfield v. City of Oklahoma City, 248 F.3d 1214, 1229 (10th Cir. 2001) (internal quotation marks omitted). To establish municipal liability, a plaintiff must show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).

Defendant Koch, in his official capacity, cannot be liable through vicarious liability. See Monell, 436 U.S. at 691. In his amended complaint, Plaintiff alleges that he has been denied medications and medical attention. However, he does not allege that a particular policy of the jail prevented him from receiving the "proper medications." Upon review of the amended complaint, the Court finds it contains no allegation suggesting a direct causal link between the policy for providing medical care at the OCJl and Plaintiff's alleged injury. City of Canton v. Harris, 489 U.S. at 385; Olsen v. Layton Hills Mall, 312 F.3d 1304, 1318 (10th Cir. 2002); Palmer v. Board of Comm'rs for Payne Cnty. Oklahoma, 765 F. Supp. 2d 1289, 1302 (W.D. Okla. 2011). Stated another way, even if Plaintiff could demonstrate that the medical care provided to him at the OCJ failed to satisfy constitutional standards, see Estelle v. Gamble, 429 U.S. 97, 104 (1976) (requiring demonstration of deliberate indifference to a serious medical need), he has not alleged that the policy

for providing medical care was the driving force behind the constitutional violation. A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal alterations, citations, and quotations omitted). Upon consideration of the amended complaint in its entirety and accepting all factual allegations contained therein as true, the Court finds the amended complaint fails to state a claim against Defendant Koch in his official capacity.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Within thirty (30) days of the entry of this Order, Plaintiff shall provide completed summonses and USM-285 Marshal service forms for Defendants CHC Medical and Dr. Sizemore.

2. The Clerk of Court shall send Plaintiff two (2) blank summonses and two (2) blank USM-285 Marshal service forms, all marked as Case No. 12-CV-592-GKF-FHM.

3. Plaintiff shall keep the Court apprised of his current address by sending promptly a notice of change of address should he be discharged or transferred to another facility.

4. The amended complaint fails to state a claim against Defendant Koch and he is **dismissed without prejudice** from this action.

DATED THIS 12th day of December, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

8